NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAISY TRUST, a Nevada trust, | No.   21-15595 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01217-GMN-EJY |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted February 18, 2022
San Francisco, California

Before:  McKEOWN and W. FLETCHER, Circuit Judges, and BENNETT,**
District Judge.

Nevada Revised Statutes § 106.240 "creates a conclusive presumption that a

lien on real property is extinguished ten years after the debt becomes due." *Pro-Max*

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

*Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001) (per curiam). This statute provides as follows:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, <u>appearing of record</u>, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust <u>according to the terms thereof</u> or <u>any recorded written extension thereof</u> become <u>wholly due</u>, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

Nev. Rev. Stat. § 106.240 (emphasis added). This appeal turns on whether an <u>unrecorded</u> notice of acceleration can trigger the ten-year statutory clock provided by § 106.240 and extinguish a deed of trust. The district court granted Fannie Mae's motion to dismiss, holding that an unrecorded notice cannot trigger this provision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This foreclosure dispute centers on a property located in North Las Vegas, governed by a homeowners' association ("HOA"), and held subject to a deed of trust that was assigned to Fannie Mae. In 2009, the residential property owners fell behind on their monthly payments to both entities. Fannie Mae issued a Notice of Default in 2010 but recorded a Notice of Recission in 2011. The HOA foreclosed on the property in 2012, and Daisy Trust purchased the property at the foreclosure sale.

From 2014 to 2019, Daisy Trust litigated a quiet title action against Fannie Mae in Nevada state court. The Nevada trial court granted Fannie Mae summary judgment, and Daisy Trust appealed, only to voluntarily dismiss its appeal in 2019.

Subsequently, Daisy Trust filed the instant suit in Clark County, Nevada, alleging that Nev. Rev. Stat. § 106.240 extinguished the Deed of Trust in 2020, just following the prior state court litigation. Fannie Mae removed the case to the United States District Court for the District of Nevada on June 30, 2020. Before the district court, and on appeal, Appellant's case rests on a bald allegation that Fannie Mae must have issued a Notice of Default "not later than between 45 and 62 days after March 1, 2009." Whether or not such a notice was issued, the record clearly reflects that it was never recorded.

We review a district court's ruling on a motion to dismiss de novo, applying the same standard of review as the district court. *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1025 (9th Cir. 2021). In evaluating a motion to dismiss, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Id.* (quoting *Curtis v. Irwin Indus., Inc.*, 913 F.33d 1146, 1151 (9th Cir. 2019)). To survive a motion to dismiss for failure to state a claim, the complaint must "contain[] enough facts to 'state a claim to relief that is plausible on its face.'" *Plaskett v. Wormuth*, 18 F.4th 1072, 1083 (9th Cir. 2021) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010)).

The district court's holding was correct on the facts and the law. First, Nevada law requires a notice of default to be recorded. Nev. Rev. Stat. § 107.080, which

3

governs the power of sale and prerequisites for a private foreclosure, contains the following provisions:

> [§ 107.080.2(a)(2):] The power of sale must not be exercised . . . until . . . a beneficiary . . . has, for a period of 35 days . . . failed to make good the deficiency in performance or payment;
>
> [§ 107.080.3:] The 15- or 35-day period provided in paragraph (a) of subsection 2 commences on the first day following the day upon which the notice of default and election to sell is recorded . . .
>
> [§ 107.080.3:] [A]cceleration must not occur if the deficiency in performance or payment is made good . . . within the time specified in subsection 2.

Nev. Rev. Stat. § 107.080. The effect of these provisions is that acceleration cannot occur until the conclusion of the 35-day period allotted for the borrower to cure the deficiency—and that this period does not begin to run until the notice of default has been recorded. Accordingly, whether Fannie Mae issued an unrecorded acceleration notice in 2009 is legally irrelevant. Such a notice could not have rendered its debt "wholly due."

Second, even if acceleration were deemed to have occurred, Fannie Mae's rescission decelerated the debt and reset the statutory clock. Nevada statutes and case law provide that a valid rescission decelerates the debt and restores the contracting parties to their previous positions. Nev. Rev. Stat. § 107.550(3); *Holt v. Reg'l Tr. Servs. Corp.*, 266 P.3d 602, 606 (Nev. 2011) (en banc) ("Rescission . . . resets the right-to-cure and other time periods provided by law for the debtor's

4

protection . . . ."). It is undisputed that Fannie Mae recorded its Notice of Rescission on June 6, 2011. Pursuant to Nevada law, this Rescission reset the statutory clock by revoking any prior acceleration that may have occurred. Accordingly, Daisy Trust's argument fails as a matter of law.

**AFFIRMED.**